## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **MARY ANN SMELSER KOONCE,** )<br><br>Plaintiff, *pro se*, )<br><br>v. )<br><br>**MICHAEL J. ASTRUE,**<br>**Commissioner of Social Security,** )<br><br>Defendant. ) | **Civil Action No. 3:12cv256-JAG** |

## REPORT AND RECOMMENDATION

On four occasions, Mary Ann Smelser Koonce ("Plaintiff") has applied for Social Security disabled widow's benefits ("DWB") based on the death of her husband in 1995. Her first two applications were denied initially and on reconsideration.[1]  However, there is no record that Plaintiff ever sought reconsideration of her third or fourth applications. After her fourth application was denied, Plaintiff initiated this lawsuit *pro se*, seeking judicial review pursuant to 42 U.S.C. § 405(g). Defendant has moved to dismiss the matter for lack of subject matter jurisdiction, arguing that Plaintiff has failed to exhaust her administrative remedies.

This matter is now before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant's Motion to Dismiss (ECF No. 11).  The Court dispenses with oral argument, finding the written submissions adequate and that oral argument will not materially aid

---

[1] Initial and reconsideration reviews in Virginia are performed by an agency of the state government — the Disability Determination Services ("DDS"), a division of the Virginia Department of Rehabilitative Services — under arrangement with the federal Social Security Administration ("SSA"). 20 C.F.R. pt. 404, subpt. Q; *see also* § 404.1503. Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

the decisional process. For the reasons set forth herein, the Court recommends that Defendant's

Motion to Dismiss be GRANTED.

## I. BACKGROUND

Given the brevity of the Complaint and the deference to be afforded *pro se* pleadings,

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105

(1976)), it is appropriate to set forth the majority of the allegations herein. The Complaint states in

relevant part:

> I recently received another denial for my widow's pension benefits. I am Totally Disabled. I have been reapplying for the last 6 ½ y[ea]rs. I went to a Social Security Doctor in June of 2011. She also said I was medically disabled by Social Security Standards. In January I sent Michael Astrue a letter asking him to look into my case. I also enclosed a copy of my medical report from Social Security Administration Doctor. I have 7 y[ea]r[s] of Medical Reports in the Disability Office in Fairfax. I would like to have my backpay, plus my pension and also my own work time pension. I believe something is wrong in the system. I just don't know why the law doesn't apply to everyone.

> Due to pain and suffering I have endured because I have no medical insurance benefits, I have been refused at Hospitals and Doctor offices. I need those benefits that me and my husband worked for. He has been Dead for 21 ½ y[ea]r[s]. And I have been disabled since 1992.

> I believe at least $10,000,000.00 would be a small amount to start with. I would appreciate my monthly checks and backpay as well.

(Complaint at 1-2, ECF No. 3.)

In support of its motion, Defendant has submitted the Declaration of Stephen J. Farrell

("Farrell Decl."), which recounts the procedural history of each disability application filed by

Defendant. (Def.'s Br. Sup. Mot. Dismiss Ex. 1, ECF No. 12-1.) Plaintiff filed her first application

on June 23, 2005, which was denied initially, on reconsideration, and after a request for a hearing

before an Administrative Law Judge ("ALJ"). (Farrell Decl. at ¶¶ 1-4.) There is no record of any

administrative appeal to the Appeals Council. (*Id.* at ¶ 5.) She filed her second application on

January 26, 2009, which was denied initially and on reconsideration with no further appeal taken.

2

(*Id.* at ¶ 8.) Plaintiff filed her third and fourth applications on January 6, 2010 and July 22, 2010, respectively. (*Id.* at ¶¶ 9, 11.) She failed to request reconsideration or file any administrative appeal with respect to either of these last two applications. (*Id.* at ¶¶ 10, 12.) Plaintiff has not challenged this procedural history. (*See generally* Pl.'s Response at 1.)

## II. STANDARD OF REVIEW

When a defendant contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts in the complaint are presumed true. *Kerns*, 585 F.3d at 192 (citation omitted); *see also King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780-81 (E.D. Va. 2002). Regardless of any deference owed to the pleadings, the plaintiff bears the burden of ultimately proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768. Accordingly, the Court "'may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

## III. DISCUSSION

This Court's jurisdiction to review the Commissioner's decisions arises out of 42 U.S.C. § 405(g), which permits such review only "after any *final decision* of the Commissioner made *after a hearing*." (Emphasis added). Although the term "final decision" is not defined in the Act, "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Applicable regulations require a claimant to follow a four-step administrative process before they have a judicially reviewable "final decision" in hand. 20 C.F.R. §§ 404.900(a), 416.1400(a). These steps are: (1) initial determination; (2) reconsideration; (3) hearing before an Administrative Law Judge ("ALJ"); and, (4) Appeals Council review. 20 C.F.R. § 404.900(a)(1)-(4). Only after a claimant completes those steps "will [the Commissioner] have made [a] final

3

decision" subject to judicial review.  20 C.F.R. § 404.900(a)(5).  Exhaustion of this administrative process is a prerequisite to a court's exercise of jurisdiction under 42 U.S.C. § 405(g).  *Heckler v. Ringer*, 466 U.S. 602, 617 (1984) (noting that "the exhaustion requirement [] is a prerequisite to jurisdiction"); *see also McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992) (superseded on other grounds) (noting that parties must exhaust prescribed administrative remedies before seeking relief from federal courts).

Here, Plaintiff offers no jurisdictional allegations in her pleading.  (Compl. at 1-2.)  Even construing the allegations liberally in her favor, the Court cannot ascertain whether she has exhausted her administrative remedies — there is simply no reference to the administrative proceedings.  In contrast, Defendant has submitted unchallenged evidence demonstrating that Plaintiff has failed to exhaust her administrative remedies, at least with respect to each of her last three applications.  In this case, Plaintiff challenges the Commissioner's most recent decision, which denied the fourth application on January 20, 2012.  (Farrell Decl. at ¶ 11.)[2]  But, as Defendant has shown, Plaintiff did not seek reconsideration or otherwise appeal that decision beyond the initial determination.  (*Id.* at ¶ 12.)  Because Plaintiff did not exhaust her administrative remedies, the Court finds that it is without jurisdiction to entertain her lawsuit.

### IV. CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's Motion to Dismiss (ECF No. 11) be GRANTED and that Plaintiff's case be DISMISSED without prejudice.

---

[2] Arguably, Plaintiff's fourth application was denied on July 22, 2011, but denied again on the additional grounds of *res judicata* on January 20, 2012.  For purposes of the analysis, the Court assumes the later date, as that would render Plaintiff's lawsuit timely under 42 U.S.C. § 405(g) (requiring commencement of judicial review within 60 days of a final decision of the Commissioner).  Any challenge to Plaintiff's first three applications would be untimely.  *Id.* Regardless of whether this lawsuit is timely with respect to her most recent application, Plaintiff has not exhausted her administrative remedies with respect to her fourth application.  Thus, the Court lacks subject matter jurisdiction regardless of the timeliness of Plaintiff's lawsuit.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable John A. Gibney and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/

David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: July 17, 2012

5