IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DEC 1 8 2012

MARY ANN SMELSER KOONCE,

Plaintiff,

v.                                                         Civil Action No. 3:12-cv-00256-JAG

MICHAEL ASTRUE,
*Social Security Administration*,

Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's objections to the Magistrate Judge's Report and Recommendation ("R&R"). On four separate occasions, the plaintiff, Mary Ann Smelser Koonce, has applied to the Social Security Administration (SSA) for disabled widow's benefits ("DWB"), due to her husband's death and her own alleged disability. On April 9, 2012, she filed a complaint in this Court, claiming that she had yet again been denied DWB and demanding "back pay, plus [her] pension and also [her] work time pension," in addition to "at least $10,000,000.00" in punitive damages. (Dk. No. 3.) The defendant, Commissioner Michael Astrue of the SSA, filed a motion to dismiss for lack of subject matter jurisdiction, which the R&R recommends granting. The Commissioner argues that Koonce has consistently failed to complete the administrative review process, which is an essential prerequisite to federal court review.

In her pleadings, each of which spans only a couple pages, Koonce takes issue with the Commissioner's "lack of humanity" and implores the Court to "see a human" behind this case. (Dk. Nos. 14, 16.) She also objects specifically to the incorrect statement of her husband's date

of death and claims that she "followed the process through until [each claim] was denied again." (Dk. No. 16.)

The record indicates that Koonce has failed to complete the administrative review process on each of her four applications for benefits. Since she has failed to exhaust her remedies, there is no "final decision" from the administrative review process for this Court to review. The Court therefore lacks subject matter jurisdiction and must dismiss the action, as recommended by the Magistrate Judge. Furthermore, because she has not completed the administrative review process, her disability, even if legitimate, has no bearing on the outcome. The Court still lacks jurisdiction to hear her appeal, no matter how unjust this outcome may appear to her.

Her objection relating to her husband's date of death, however, will be sustained. Based on the foregoing, and as explained in greater detail below, the Court sustains in part and overrules in part Koonce's objections, and it adopts the Magistrate Judge's R&R with only the following modification: The record should reflect that Koonce's husband died on February 6, 1991, not 1995. (*See* Dk. No. 15 at 1.) This modification has no impact on the ultimate disposition of the case.

## I. STANDARD OF REVIEW

This Court reviews *de novo* any part of the Magistrate Judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Because Koonce has proceeded *pro se*, the Court endeavors to construe the plaintiff's arguments liberally. *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed. . . .") (citations and internal quotation marks omitted).

2

When a defendant contends that the complaint fails to allege facts upon which subject matter jurisdiction may be based, all facts in the complaint are presumed true. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *see also Kings v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780–81 (E.D. Va. 2002). Nevertheless, the plaintiff bears the burden of proving subject matter jurisdiction, *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), and the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) (quoting *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768).

## II. BACKGROUND

The plaintiff filed a complaint on April 9, 2012. The pleading in entirety is cited herein:

> I recently received another denial for my widow's pension benefits. I am Totally Disabled. I have been reapplying for the last 6 ½ years. I went to a Social Security Doctor in June of 2011. She also said I was medically disabled by Social Security Standards. In January I sent Michael Astrue a letter asking him to look into my case. I also enclosed a copy of my Medical report from Social Security Administration Doctor. I have 7 yr. of Medical Reports in the Disability Office in Fairfax. I would like to have my back pay, plus my pension and also my own work time pension. I believe something is wrong in the system. I just don't know why the law doesn't apply to everyone.
>
> Due to pain and suffering I have endured because I have no medical insurance benefits. I have been refused at Hospitals and Doctor offices. I need those benefits that me and my husband worked for. He has been Dead for 21 ½ yr. And I have been disabled since 1992.
>
> I believe at least $10,000,000.00 would be a small amount to start with. I would appreciate my monthly checks and back pay as well.

(Dk. No. 3.)

The defendant filed a motion to dismiss, arguing that the plaintiff had failed to exhaust her administrative remedies as required by the Social Security Act, 42 U.S.C. § 405(g). The plaintiff's response brief reiterated her prayer for relief, but beyond that it only stated, "I am

3

human I need my money to go forward and on with my life just as any other person who qualifies for their benefits gets." (Dk. No. 14.)

The Magistrate Judge has recommended granting the defendant's motion to dismiss due to lack of subject matter jurisdiction. In response, the plaintiff has filed objections, which are detailed below.

### III. DISCUSSION

Koonce objects to the R&R on three grounds: (1) that her husband's date of death was February 6, 1991, rather than sometime in 1995, as stated in the R&R; (2) that she "followed the process through" each time she sought benefits, contrary to the defendant's argument that she has failed to exhaust her administrative remedies; and (3) that the Court should see the "injustice" of the situation and award her what she believes the Social Security Administration owes her. While the first objection will be sustained, the latter two lack merit and must be overruled.

*A. Her Husband's Date of Death*

The plaintiff objects to the R&R's description of her husband's death as taking place in 1995. The R&R's opening sentence reads, "On four occasions, Mary Ann Smelser Koonce ("Plaintiff") has applied for Social Security disabled widow's benefits ("DWB") based on the death of her husband in 1995." Though irrelevant to the outcome of the case, the objection is sustained, and the R&R is hereby modified to reflect her husband's death on February 6, 1991. This modification is consistent with the affidavit of Stephen J. Farrell, a Program Expert in the Social Security Administration, which the defendant submitted in support of his motion to dismiss. (*See* Dk. No. 12, Ex. 1.)

4

## B. The Plaintiff's Exhaustion of Administrative Remedies

The plaintiff next objects that "each time [she] filed [she] followed the process through until it was denied again." (Dk. No. 16 at 1.) This statement appears to challenge the R&R's conclusion that the plaintiff failed to exhaust her administrative remedies, resulting in a lack of jurisdiction. The plaintiff has not, however, produced any evidence in support of her objection. On the contrary, the defendant has put forth Mr. Farrell's affidavit, which explains that the plaintiff failed to complete the administrative process on every one of her last four applications for disabled widow's benefits. (*See* Dk. No. 12, Ex. 1 at 3–4.) Given the defendant's proof and the plaintiff's lack thereof, this Court must overrule the plaintiff's objection.[1] She has not shown that she "followed the process through" to completion at any point in time.

The R&R concisely explains why this lack of exhaustion prevents the plaintiff from bringing her case in this Court. This Court may hear her claims only "after any *final* decision of the Commissioner made *after a hearing*." 42 U.S.C. § 405(g) (emphasis added). Federal regulations clarify that a "final decision" arises only after a claimant has completed a four-step administrative process: (1) initial determination; (2) reconsideration; (3) hearing before an Administrative Law Judge; and (4) a review by the Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a). As far as this Court can see, the plaintiff has never gone through these required steps.

In light of these facts, this Court has no authority to consider the plaintiff's complaint. *See Heckler v. Ringer*, 466 U.S. 601, 617 (1984) ("[T]he exhaustion requirement . . . is a

---

1 The Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). As a result, it is not inappropriate for the Court to rely on the Farrell affidavit when determining whether the Court has jurisdiction to consider the plaintiff's complaint.

5

prerequisite jurisdiction under [42 U.S.C. § 405(g)]."). The Magistrate Judge was therefore correct to find that the plaintiff failed to exhaust her administrative remedies and to recommend dismissing the plaintiff's action for lack of subject matter jurisdiction.

### C. "Injustice" to the Plaintiff

The plaintiff finally argues that the denial of disabled widow's benefits constitutes an "injustice" that deserves to be remedied. She asks the Court to review her medical reports and other documents, which, in her view, demonstrate the unfairness of the situation. The plaintiff must understand that the Court has not even reached the stage of reviewing her medical records, because it has no authority to do so under the circumstances. In fact, the Court's decision has nothing to do with the plaintiff's health status; it is based solely on the plaintiff's failure to take certain steps *before* filing a complaint in federal court. Until the plaintiff has completed the administrative process, this Court cannot consider her claims on the merits. The Court is not ignoring "the human at the end of this paperwork." (Dk. No. 16 at 2.) It is simply doing what the law requires. Accordingly, the plaintiff's objection is overruled.

### IV. CONCLUSION

The Court adopts the Magistrate Judge's R&R with a modification of Koonce's husband's date of death from 1995 to February 6, 1991. The plaintiff's remaining objections are overruled. The Commissioner's motion to dismiss is granted due to the plaintiff's failure to establish subject matter jurisdiction.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and Ms. Koonce.

The Court shall enter an appropriate order.

Date: December 17 2012
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MARY ANN SMELSER KOONCE,
          Plaintiff,

v.                                            Civil Action No. 3:12-cv-00256-JAG

MICHAEL ASTRUE,
*Social Security Administration*,
          Defendant.

## ORDER

THIS MATTER is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"), entered July 17, 2012. (Dk. No. 15.) The plaintiff has filed timely objections. Having considered the matter, it is hereby ORDERED:

1) The Court hereby ADOPTS the R&R as the OPINION of the Court, with the following MODIFICATION: the plaintiff's husband's date of death is changed from 1995 to February 6, 1991. (Dk. No. 15 at 1.)

2) The plaintiff's remaining objections are OVERRULED for the reasons given in the accompanying Memorandum Opinion. Accordingly, her objections are SUSTAINED IN PART AND OVERRULED IN PART.

3) The Commissioner's motion to dismiss is GRANTED due to the plaintiff's failure to establish subject matter jurisdiction. (Dk. No. 11.)

4) The Commissioner's motion to transfer is DENIED AS MOOT. (Dk. No. 5.)

5) The Magistrate Judge's R&R on the motion to transfer is NOT ADOPTED since the motion to transfer is denied as moot. (Dk. No. 9.)

6) This case is CLOSED.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record and Ms. Koonce.

Date: December 17, 2012
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge